RUTH CAMPBELL *vs*. PATRICK LANGDO.
MALORY I. CAMPBELL *vs*. PATRICK LANGDO.

Kennebec.    Opinion, September 21, 1942.

*Ralph W. Farris,* for the plaintiffs.

*Gordon F. Gallert,*

*Charles N. Nawfel,*

*Pattangall, Goodspeed & Williamson,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

PER CURIAM.

These actions, arising out of an automobile accident, were brought to recover damages for personal injuries to Mrs. Campbell, the driver of one of the cars involved, and damages to her husband for resultant expenses of hospital, medical and nursing care of the wife and for loss of her services. No claim is included for damage to the automobile.

The cases were tried together and the jury returned verdicts in favor of the plaintiffs of $5200 for the wife and $1875 for the husband. Motions for new trials bring the cases forward.

The accident occurred after dark on November 17, 1941, on the state highway, a short distance south of the State House in Augusta. Mrs. Campbell started out from the driveway of her home on the easterly side of the highway, intending to drive southerly toward Hallowell. The defendant was driving northerly and thus had the right of way over a car entering the public highway from a private way. R. S., c. 29, § 7.

There was a sharp conflict of testimony. The driveway curved toward the north as it entered the highway. The defendant asserts that Mrs. Campbell cut sharply to her left and

directly in front of him, and that he had no opportunity to avoid the accident.

On the other hand, the testimony for the plaintiff was that Mrs. Campbell waited for two cars to pass and then as she came to the highway she saw the defendant's car at a distance which, gauged by physical objects, was shown to be 192 feet away. She had 25 to 30 feet to go before she would be safely beyond the approaching car.

The section was within the built-up or compact portion of the city where speed is limited to 25 miles an hour. R. S., c. 29, § 69. There was testimony that the defendant was driving at an excessive rate of speed, and by his own admission to officers at 35 miles per hour; that the left wheels of his car were two feet over the medial line, indicated by a yellow stripe; that the Campbell car was struck at its left rear wheel after Mrs. Campbell had crossed the dividing line in a diagonal direction and as she was straightening out the car in the right hand lane going south. The defendant admitted that he didn't see the Campbell car until he was from ten to twenty feet therefrom, although headlights of both cars were on and a street light was suspended over the center of the highway at the locus of the accident. The defendant's car was severely damaged by the force of the impact.

The evidence was ample to sustain the claim of negligence on the part of the defendant.

The only real questions as to liability were whether Mrs. Campbell negligently contributed to the accident; whether she was justified in assuming that there was sufficient time for her to cross safely; or whether the negligence of the defendant constituted the sole and proximate cause of the accident. There appears to be credible evidence which would justify the jury in reaching the last conclusion, even though other reasoning minds might reach a different result.

As to the objection that the awards were excessive, the personal injuries sustained by Mrs. Campbell, and their existing and probable future effect, as well as the expenses of approxi-

mately $1000 already incurred, with the continued probable invalidism of the wife for a considerable period, justify the amounts of the verdicts.

*Motions overruled.*